UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARVELLO L. TUFONO, | No. 2:24-cv-0164-TLN-CKD P |
| Plaintiff, | |
| v. | **ORDER** |
| C. YORK, | |
| Defendant. | |

Plaintiff, a Sacramento County Jail prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 17, 2024, the magistrate judge filed findings and recommendations which were served on all parties, and which contained notice that any objections to the findings and recommendations were to be filed within fourteen days.  The deadline has passed, and no objections have been filed.

The Court presumes that any findings of fact are correct.  *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are reviewed de novo.  *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court[.]").  Having reviewed the file, the Court finds the findings and recommendations to be supported by

1

1 the record.

2     Additionally, the Court notes that in determining whether to dismiss a case for failure to comply with a court order and/or failure to prosecute, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (citation omitted) (applying these factors in evaluating dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (same standard applied for dismissal based on failure to prosecute).

    On September 9, 2024, the magistrate judge directed Plaintiff to respond to the motion to revoke his in forma pauperis status within thirty days. (ECF No. 26.) The magistrate judge warned that failure to comply would result in dismissal of this action. (*Id.*) Plaintiff did not respond. The magistrate judge then filed findings and recommendations to dismiss the case. (ECF No. 28.) Plaintiff was provided an opportunity to object within fourteen days. (*Id.*) He did not. The Court cannot wait indefinitely for Plaintiff to respond. Under these circumstances, the Court finds the public's interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to Defendant all weigh in favor of dismissal. *See Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) ("The law presumes injury from unreasonable delay."). Additionally, less drastic alternatives are not available. While the Court notes the public policy favoring disposition of cases on their merits weighs against dismissal, the Court finds on balance dismissal is warranted.

    Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 17, 2024, (ECF No. 28), are ADOPTED in full;
2. This action is DISMISSED without prejudice for failure to comply with the court's September 9, 2024, order (ECF No. 26); and
3. The Clerk of Court is directed to close the case.

//

2

Date: December 13, 2024

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE