UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARVELLO L. TUFONO, | No. 2:24-cv-00164-TLN-CKD |
| Plaintiff, | |
| v. | **ORDER** |
| C. YORK, | |
| Defendant. | |

       This matter is before the Court on *pro se* Plaintiff Arvello L. Tufono's ("Plaintiff") Motion for Reconsideration of the Court's December 16, 2024 Order. (ECF No. 32.) No opposition has been filed. For the reasons set forth below, the Court DENIES Plaintiff's motion.

///

///

///

///

///

///

///

///

///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

A detailed recitation of the factual and procedural history is not necessary for disposition of Plaintiff's motion. On October 17, 2024, the magistrate judge issued findings and recommendations, recommending the action be dismissed without prejudice for Plaintiff's failure to respond to Defendant C. York's ("Defendant") motion to revoke Plaintiff's in forma pauperis status. (ECF No. 28.) Plaintiff did not file objections to the findings and recommendations. On December 16, 2024, this Court adopted the findings and recommendations in full, dismissed the action without prejudice for failure to comply with the magistrate judge's September 9, 2024 order, and closed the case. (ECF No. 29.) On the same day, the Clerk of the Court entered Judgment. (ECF No. 30.) Plaintiff now seeks reconsideration of the Court's December 16, 2024 Order. (ECF No. 32.)

### II. STANDARD OF LAW

The Court may grant reconsideration under either Federal Rule of Civil Procedure ("Rule") 59(e) or 60(b). *See Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995). A motion to alter or amend a judgment under Rule 59(e) must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Therefore, a "motion for reconsideration" is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within 28 days of entry of judgment; otherwise, it is treated as a Rule 60(b) motion for relief from judgment or order. *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016); *see Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001). Here, Plaintiff's motion was filed thirty days after entry of judgment and is therefore construed as a motion for relief from final judgment under Rule 60(b). (See ECF Nos. 10, 11.)

Under Rule 60(b), the Court may relieve Plaintiff from a final judgment, order, or proceeding "for any of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier

1  judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
2  (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

3  A motion based on Rule 60(b) must be made "within a reasonable time." Fed. R. Civ. P.
4  60(c)(1). With respect to subsections (1), (2), and (3), the motion must be filed "no more than a
5  year after the entry of judgment or order or the date of the proceeding." *Id.* Rule 60(b)(6) goes
6  further, empowering the court to reopen a judgment even after one year has passed. *Pioneer Inv.*
7  *Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). However, subsections (1)
8  through (3) are mutually exclusive of subsection (6), and thus a party who failed to take timely
9  action due to "excusable neglect" may not seek relief more than a year after the judgment by
10 resorting to subsection (6). *Id.* (citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S.
11 847, 863, n.11 (1988)).

12 "A motion for reconsideration should not be granted, absent highly unusual
13 circumstances, unless the district court is presented with newly discovered evidence, committed
14 clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals,*
15 *Inc. v. Mucos Pharma GmbH & Co.* (*Marlyn*), 571 F.3d 873, 880 (9th Cir. 2009). Further, "[a]
16 motion for reconsideration may not be used to raise arguments or present evidence for the first
17 time when they could reasonably have been raised earlier in the litigation." *Id.* (emphasis in
18 original).

19 **III.    ANALYSIS**

20 Plaintiff does not provide any facts or argument to satisfy any of the enumerated
21 provisions of Rule 60(b). Plaintiff asserts he began experiencing extreme mental psychosis
22 (manic episodes) on September 13, 2024, and he was released from custody on October 23, 2024.
23 (ECF No. 32 at 3.) Plaintiff notes he was not able to secure housing and his 30-day supply of
24 "psych medication" went missing. (*Id.*) Plaintiff states he "was never able to secure housing or
25 income to provide the court with a mailing address," as he has been homeless and unmedicated
26 since his release, with the exception of specifically enumerated dates. (*Id.*) Plaintiff notes these
27 dates (November 29, 2024 to December 3, 2024, December 13, 2024 to December 18, 2024,
28 December 24, 2024 to December 29, 2024, and January 2, 2025 to January 8, 2025) reflect the

time he spent "serving CDCR parole violations in Sac[ramento] County Jail and Yolo County." (*Id.*) Plaintiff asserts he has been "consistently incarcerated" in Sacramento County Jail since January 9, 2025 to the present. (*Id.*) The docket reflects that Plaintiff was served with the magistrate judge's October 17, 2024 findings and recommendations, but indeed the attempted service by mail of the Court's December 16, 2024 Order and Judgment was returned as undeliverable. On May 30, 2025, Plaintiff filed a notice of change of address to Sacramento County Mail Jail. (ECF No. 31.) While the Court is sympathetic to Plaintiff's situation, it nonetheless finds Plaintiff does not adequately explain why he initially failed to respond to Defendant's motion to revoke his in forma pauperis status or the magistrate judge's September 9, 2024 order directing him to respond to Defendant's motion.

Plaintiff does not present any newly discovered evidence suggesting the matter was wrongly dismissed. *Marlyn*, 571 F.3d at 880. Further, the Court finds upon a *de novo* review of this case that the order of dismissal is neither manifestly unjust nor clearly erroneous. *See Martinez v. Lawless*, No. 1:12-cv-01301-LJO-SKO, 2015 WL 5732549, at *1 (E.D. Cal. Sept. 29, 2015) (citing *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987)) (reviewing a magistrate judge's ruling under the "clearly erroneous or contrary to law" standard set forth under 28 U.S.C. § 636(b)(1)(A)). Accordingly, the Court finds Plaintiff has not established sufficient grounds under Rule 60(b) to seek reconsideration of the Court's December 16, 2024 Order.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED. (ECF No. 32.)

IT IS SO ORDERED.

Date: July 9, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE